UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARI L. L.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-6148-MLP

ORDER

## I.    INTRODUCTION

Plaintiff, proceeding *pro se*, seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in determining her disability onset date, assessing the combined effects of her impairments, and assessing the medical opinion evidence.[1] (Dkt. ## 17,

---

[1] Plaintiff raises a number of other conclusory assertions regarding alleged errors made by the ALJ, primarily arguing the ALJ's findings in his decision lacked reasoning. (*See* dkt. ## 17, 22.) However, as Plaintiff appears to concede, she does not clearly articulate what these errors are, or how they are harmful. (Dkt. # 17 at 2 ("[I]t's difficult to specify [the ALJ's] errors precisely . . . .").) The Court therefore does not address those arguments. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (holding that a party's argument was waived because the party only asserted error without argument and the court will review "only issues which are argued specifically and distinctly"); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (holding that issue not specifically and distinctly argued in opening brief ordinarily will not be considered).

ORDER - 1

22.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1962, has at least a high school education, and has worked as a certified substitute teacher.[2] AR at 25, 323, 382. On January 27, 2017, Plaintiff applied for benefits, alleging disability as of October 30, 2014. *Id.* at 197. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. After the ALJ conducted a hearing on July 2, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 44-93, 197-209. Plaintiff requested the Appeals Council review the ALJ's decision, and the Appeals Council granted her request for review. *Id.* at 217-19. The Appeals Council vacated the decision and remanded the matter to the ALJ. *Id.* The ALJ conducted a second hearing on February 11, 2020 and issued a decision finding Plaintiff has been disabled since August 7, 2018. *Id.* at 13-26.

Specifically, the ALJ found Plaintiff has the following severe impairments: Carpal tunnel syndrome, cervical spondylosis, post-traumatic stress disorder ("PTSD"), and lumbar degenerative disc disease. AR at 16. The ALJ found her impairments do not meet or equal the requirements of a listed impairment.[3] *Id.* The ALJ determined that prior to August 7, 2018, Plaintiff could perform light work with limitations. *Id.* at 18-19. She could frequently reach overhead bilaterally. *Id.* She could frequently handle, finger, and feel bilaterally. *Id.* She could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. *Id.* She could

---

[2] Plaintiff also reported past work as a certified substitute teacher and a substitute librarian. AR at 360.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

occasionally stoop, kneel, crouch, and crawl. *Id.* She could tolerate occasional exposure to unprotected heights, moving mechanical parts, and vibration and frequent exposure to extreme cold. *Id.* She could frequently interact with coworkers and the public. *Id.* Her time off-task could be accommodated by normal breaks. *Id.* The ALJ also found that beginning August 7, 2018, Plaintiff could perform sedentary work with further limitations. *Id.* at 24.

The ALJ also found that prior to August 7, 2018, Plaintiff could perform past relevant work as a teacher, which did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity ("RFC"), but that since August 7, 2018, there have been no jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR at 25. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. *Id.* at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 17.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).[4]

#### 1. Jennifer A. Irwin, M.D.

Dr. Irwin, a consultative examiner, examined Plaintiff in June 2017. AR at 919-23. She opined Plaintiff "would have some difficulty interacting with coworkers and the public," "would have difficulty completing a normal workday/workweek without interruptions from a psychiatric condition," and "would have difficulty dealing with the usual stress encountered in the workplace." *Id.* at 922-23. The ALJ gave Dr. Irwin's opinion great weight, finding it was supported by her objective examination and consistent with the treatment records. *Id.* at 24. However, the ALJ did not incorporate her opined limitations into Plaintiff's RFC. *Id.*

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

Defendant concedes the ALJ erred in assessing Dr. Irwin's opinion and that the error is not harmless because at step four, the ALJ relied on the occupation of elementary school teacher which requires stress and social interaction, and the ALJ did not make a step-five finding with regard to the time period prior to August 7, 2018. (Dkt. # 21 at 3.)

Here, the Court agrees and finds the ALJ harmfully erred in assessing Dr. Irwin's opinion. *See* SSR 96–8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

      *2.*     *Carol Moore, Ph.D. and Jerry Gardner, Ph.D.*

State agency psychological consultants Drs. Carol Moore and Jerry Gardner reviewed records and opined Plaintiff would have similar limitations as those opined by Dr. Irwin. AR at 139-41, 154-56, 172-74, 188-90. The ALJ gave their opinions some weight finding them "somewhat consistent" with Dr. Irwin's examination and the longitudinal treatment records. *Id.* at 23.

Defendant concedes the ALJ harmfully erred in assessing Drs. Moore and Gardner's opinions. (Dkt. # 21 at 3.) Specifically, the ALJ gave the opinions some weight, but failed to state which opined limitations he found unpersuasive. (*Id.*) As this matter must be remanded to reassess Dr. Irwin's medical opinion evidence, the Court directs the ALJ to also reassess Drs. Moore and Gardner's opinions.

**B.**    **Scope of Remand**

Plaintiff argues this matter should be remanded for an award of benefits dating back to the alleged onset date. (Dkt. # 22 at 2.) Defendant contends Plaintiff has not established that she is entitled to a finding of disability for the period prior to August 7, 2018. (Dkt. # 21 at 3-4.)

When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits. *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1099 (9th Cir. 2014). Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101 (internal citations and quotation marks omitted).

Only if the first two steps are satisfied does the court consider whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly discredited evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The Court agrees with Defendant that there are gaps in the record and therefore finds remand for an award of benefits unwarranted. As discussed above, Drs. Irwin, Moore, and Gardner opined Plaintiff would have trouble completing a workday/workweek without interruption, would have difficulty with stress in the workplace, and would have some difficulty interacting with coworkers and the public. AR at 139-41, 154-56, 172-74, 188-90, 919-23.

However, the RFC does not reflect these limitations, and therefore, there is no vocational expert testimony regarding whether Plaintiff could perform her past work with those limitations or if jobs existed in the national economy that an individual with those limitations could perform. Accordingly, the Court remands this matter for further administrative proceedings.

## V.　CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, a different ALJ should conduct a hearing and issue a new decision. The ALJ should further develop the record with medical expert evidence pertaining to Plaintiff's mental health functioning, further evaluate the opinion evidence and provide adequate rationale for the weight accorded, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 29th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7